Bradley S. Keller, WSBA #10655  
John A. Tondini, WSBA #19092  
Byrnes Keller Cromwell LLP  
1000 Second Avenue, 38th Floor  
Seattle, WA  98104  
Telephone:  (206) 622-2000  
Facsimile: (206) 622-2522  
Email:  bkeller@byrneskeller.com  
          jtondini@byrneskeller.com  

Attorneys for Defendants

The Honorable Salvador Mendoza, Jr.

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAISER ALUMINUM CORPORATION, a Delaware corporation; and KAISER ALUMINUM WASHINGTON, LLC, a Delaware limited liability company,<br><br>                                Plaintiffs,<br><br>     v.<br><br>PAUL J. AINSWORTH and TERI L. TUCKER, individually and the marital community comprised thereof,<br><br>                                Defendants. | NO. 2:16-cv-00339-SMJ<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Paul J. Ainsworth and Teri L. Tucker, by and through their attorneys, hereby respond to the allegations in the Complaint as follows (1) as to the captions and headings, each is denied, and (2) as to the sub-paragraphs:

   1.1    Defendants are without information sufficient to admit or deny this allegation.

   1.2    Defendants are without information sufficient to admit or deny this allegation.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

1.3   Defendants are without information sufficient to admit or deny this allegation.

1.4   The allegation is admitted except in regard to whether Trentwood is the largest mill in the western United States because Defendants are without information sufficient to admit or deny this allegation.

1.5   Admitted, except as to whether Trentwood is a "leading" manufacturer because that qualifier is vague.

1.6   Defendants are without information sufficient to admit or deny the allegations regarding whether the products provide competitive advantages in the marketplace, but otherwise the allegation is admitted.

1.7   Along with other suppliers with far larger market share, Trentwood products are used in aerospace and defense industries. It is not known to Defendants if Trentwood products are superior to other company products. Except as otherwise admitted, the allegations are denied.

1.8   Admitted.

1.9   The first two sentences are admitted. The third is denied as there are other companies with larger market share and "few" is undefined. Defendants are without information sufficient to admit or deny the fourth sentence.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1.10   As with hundreds, if not hundreds of thousands of companies, it is admitted that Kaiser seeks to improve consistency, performance, lower waste and in many cases lower production costs for customers.  Defendants are without information sufficient to admit or deny that this is a "differentiator."

1.11   Admitted, except as to whether there was a "significant capital" spend, as that term is vague and beyond the knowledge of Defendants.

1.12   The allegations are xenophobic, and denied.

1.13   Admitted.

1.14   The first sentence is admitted, but because the allegations of wrongdoing and liability are denied, the second sentence is denied.

1.15   Mr. Ainsworth believes he applied earlier, but was first employed on November 1, 2000, by a separate company than the ones suing.  His prior employer in the years before November 1, 2000, was the world leader in aluminum engineering and processing, ALCOA.

1.16   Denied.

1.17   Defendants are without information sufficient to admit or deny this allegation, but believe it to be true.

1.18   Denied.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

2.1    Denied.  Mr. Ainsworth was not a high-level employee and certainly did not have access to most of his employer's confidential business and product information.  Mr. Ainsworth was not asked to execute a non-compete agreement by his employer and there is no non-compete agreement between Plaintiffs and him.

2.2    The allegation is vague and cannot in this form be admitted or denied.

2.3    Denied.  Mr. Ainsworth's departure was not sudden, nor did he access anything that was not within the scope of his duties at the time of access.  He had legitimate reasons and authority to access company documents.

2.4    Denied.  Moreover, the inevitable disclosure doctrine has not been adopted in Washington and is specifically disclaimed by federal authorities.  The doctrine cannot be used to impose an *ex-post-facto* non-compete agreement on an employee when the employer did not see reason enough to prepare such an agreement and give separate consideration to the employee for a written non-compete agreement.

3.1    Admitted.

3.2    Admitted.

4.1    No response required.

4.2    Admitted.  His career began with the world leader in aluminum engineering and processing, ALCOA.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 4

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

4.3 Mr. Ainsworth was not hired by the Plaintiff companies, however, he did begin work at Trentwood in November 2000; except as otherwise stated, the allegations are admitted.

4.4 Along with other employees, Mr. Ainsworth admits he has some responsibility regarding overseeing and implementing process and product improvement projects. He and others provided technical support and guidance to production, engineering and some manufacturing practices. The balance of the allegations are denied.

4.5 Admitted that Mr. Ainsworth was at the low end of what was considered "management" at Kaiser. He was not at the level of "director," "vice-president," "senior vice-president," "executive vice-president" or "president."

4.6 Denied.

4.7 Denied.

4.8 Mr. Ainsworth, on November 1, 2000, entered into an agreement with Kaiser Aluminum & Chemical Corporation and its subsidiaries and affiliates. Subsequently that employer went bankrupt. He has no other employment agreement with any "Kaiser" entity.

4.9 The November 1, 2000, agreement speaks for itself.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

4.10   The "Code of Business Conduct and Ethics" speaks for itself. Whether its language changed from year to year is beyond the knowledge of Defendants.

4.11   Admitted, except that it would be more accurate to state that Mr. Ainsworth was "involved" rather than "oversaw."

4.12   Denied. Mr. Ainsworth gave notice on July 18 that in two weeks forward after assisting with a management transition, employee training and other projects he would leave. This plan was reviewed and approved by the Vice President of Flat Rolled Products and the Human Resources Manager on Monday, July 18.

4.13   Admitted, although to the extent the companies compete is unknown to Mr. Ainsworth. It is understood since departure, that Kaiser and Nanshan were working on certain projects in early 2016, as reflected in a letter from Kaiser's CEO Hockema to Nanshan's Chairman Mr. Cheng, which would seem to reflect that they are not necessarily competitors.

4.14   Upon announcing his decision to leave, Plaintiffs' representative threatened Mr. Ainsworth that they would "pursue" him no matter where he went in the world and that by deciding to leave he had put both his family's future at risk and the future of other Kaiser employee families. He was told that Kaiser would pursue every legal option available to ensure that he would not be able to work for Nanshan.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 6

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

After these threats, it was reported that Kaiser looked into Mr. Ainsworth's work during his last two weeks of employment and his computer's file access.

4.15    Defendants deny that any files or documents were accessed for any improper purpose. Instead, each was accessed in the normal course of Mr. Ainsworth's assignments to train new employees and to continue with routine work including preparing for operations reviews and responding to a significant customer complaint regarding the quality of Kaiser's aerospace plate products.

4.16    Denied.

4.17    Denied. The allegation that Ainsworth "defected" smacks of McCarthyism and shows Plaintiffs' ill will and malice toward Defendants.

5.1    No response required.

5.2    Plaintiffs have not identified a single trade secret or piece of confidential information at this stage of the litigation, let alone shown that the alleged information is secret or that reasonable steps have been taken to protect such information. Defendants are without information sufficient to admit or deny this allegation.

5.3    Plaintiffs have not identified a single trade secret or piece of confidential information at this stage of the litigation, let alone shown that the alleged information is secret or that reasonable steps have been taken to protect such information. Defendants are without information sufficient to admit or deny this allegation.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

5.4     Plaintiffs have not identified a single trade secret or piece of confidential information at this stage of the litigation, let alone shown that the alleged information is secret or that reasonable steps have been taken to protect such information. Defendants are without information sufficient to admit or deny this allegation.

5.5     Plaintiffs have not identified a single trade secret or piece of confidential information at this stage of the litigation, let alone shown that the alleged information is secret or that reasonable steps have been taken to protect such information, nor that there is independent economic value to it.  Defendants are without information sufficient to admit or deny this allegation.

5.6     Denied.

5.7     Denied.

5.8     Denied.

5.9     Denied.

5.10    Denied.

5.11    Denied.

5.12    Denied.

5.13    Denied.

6.1     No response required.

6.2     Denied.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

6.3     Plaintiffs have not identified a single trade secret or piece of confidential information at this stage of the litigation, let alone shown that the alleged information is secret or that reasonable steps have been taken to protect such information, nor that there is independent economic value to it.  Defendants are without information sufficient to admit or deny this allegation.

6.4     Denied.

6.5     Denied.

6.6     Denied.

6.7     Denied.

6.8     Denied.

6.9     Denied.

7.1     No response required.

7.2     The entity that executed Mr. Ainsworth's employment agreement went bankrupt, and is believed no longer to exist.  In other respects, Defendants are without information sufficient to admit or deny this allegation.

7.3     The entity that executed Mr. Ainsworth's employment agreement went bankrupt, and is believed no longer to exist.  In other respects, Defendants are without information sufficient to admit or deny this allegation.  It is denied that the employment agreement is a non-compete agreement.  It cannot be enforced as such.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

7.4     Defendants are without information sufficient to admit or deny this allegation.

7.5     Denied.

7.6     Denied.

7.7     Denied.

8.1     No response required.

8.2     This purported statement of the law is not an allegation of fact and no response is required.

8.3     Plaintiffs have not identified a single trade secret or piece of confidential information at this stage of the litigation, let alone shown that the alleged information is secret or that reasonable steps have been taken to protect such information, nor that there is independent economic value to it.  Defendants are without information sufficient to admit or deny this allegation.

8.4     Plaintiffs have not identified a single trade secret or piece of confidential information at this stage of the litigation, let alone shown that the alleged information is secret or that reasonable steps have been taken to protect such information, nor that there is independent economic value to it.  Defendants are without information sufficient to admit or deny this allegation.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

8.5    Plaintiffs have not identified a single trade secret or piece of confidential information at this stage of the litigation, let alone shown that the alleged information is secret or that reasonable steps have been taken to protect such information, nor that there is independent economic value to it.  Defendants are without information sufficient to admit or deny this allegation.  Further, this purported statement of the law is not an allegation of fact and no response is required.

8.6    Denied.

8.7    Denied.

9.1    No response required.

9.2    Denied.

9.3    Denied.

9.4    Denied.

9.5    Denied.

10.1   No response required.

10.2   Denied.

10.3   This purported statement of the law is not an allegation of fact and no response is required.

10.4   Denied.

11.1-11.5  Defendants deny that Plaintiffs are entitled to any relief.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER, and as AFFIRMATIVE DEFENSES, the Defendants allege as follows without waiver of argument that the law places the burden of proof of the contention on Plaintiffs:

1. The Complaint fails to state a cause of action under the facts;

2. Plaintiffs' losses, if any, were caused by their own actions or inactions;

3. Restrictions on lawful employment are invalid or otherwise unenforceable;

4. Attempting to restrain lawful employment is an unlawful business practice, or an unlawful restriction on trade, or part of a scheme that is an unlawful business practice or an unlawful restriction on trade, and is void or otherwise unenforceable;

5. Plaintiffs' claims are barred by the equitable doctrines of waiver, acquiescence and/or unclean hands; and

6. Defendants reserve the right to add affirmative defenses and counterclaims as the facts in this matter may warrant upon discovery.

## COUNTERCLAIMS

1. The Court has jurisdiction over the parties and the subject matter of the counterclaims for the reasons set forth in paragraphs 3.1 and 3.2 of the Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

2.  Kaiser Aluminum Corporation is headquartered in Foothill Ranch, California.  As such, it acts are subject to California law as well as Washington law.

3.  Paul Ainsworth has not violated any lawful restriction on his future employment.

4.  While Kaiser has entered into non-compete agreements with a select handful of key Kaiser employees, Kaiser has not entered into or even asked Ainsworth to enter into a non-compete agreement.

5.  Despite knowing that there is no non-compete agreement in regard to Ainsworth, Kaiser immediately threatened financial ruin upon him for exercising his free choice to leave his then-current employment with Kaiser.  His employment was at-will.  Upon giving his two-weeks' notice, Kaiser threated Ainsworth that it would take "*whatever action*" was required to force him to never work for any Nanshan company.  Further, in a Kaiser letter dated July 22, it again said, "[t]o reiterate, Kaiser is prepared to take *whatever action* is required to prevent this from occurring."  Kaiser threatened to pursue Ainsworth wherever he decided to go and made it clear that the future of his family and the future of all Kaiser families are at risk as a result of his actions.  These statements were made for the improper purpose of causing mental anguish.  Kaiser's ill-will and malice toward Ainsworth is further shown by its allegation that he "defected".

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

6.  After these threats were made, Defendants were forced to engage counsel to advise them and to help respond to these threats.  On more than one occasion, Ainsworth communicated to Kaiser that he was willing to explain his activities prior to his departure to assuage their fears and put to rest the allegation that his file review was outside of his employment when it was not.  He also offered assurances that his new work will not threaten any claimed confidences and secrets belonging to Kaiser.

7.  Kaiser refused to hear these explanations and assurances directly from Mr. Ainsworth.  Instead, Kaiser demanded punitive economic terms from Ainsworth, terms it would never get from any good-faith lawsuit and then filed suit even before allowing the time given in the demand to run its course.  From its actions, Kaiser is clearly attempting to wrongfully "send a message" to others; that all employees will be treated as though they have non-competes, will be treated as defectors, will be made out to be enemies of Kaiser families and will have to fight with a cost of tens of thousands if not hundreds of thousands of dollars to break from Kaiser, in what should otherwise be at-will employment by free choice. Kaiser is using threats of economic ruin to retain its employees into one-sided employment; it can fire or lay them off at-will, but the employees cannot leave.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**Counterclaim 1.  Violation of California Law.**

8. Kaiser's attempt to restrain and restrict the future employment of Mr. Ainsworth, a husband to Teri Tucker and father to two eleven-year-old boys, is unlawful and violates Cal. Bus. & Prof. Code § 16600, which provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

9. Kaiser's conduct constitutes an unlawful and unfair business practice contrary to Cal. Bus. & Prof. Code § 17200.  *See Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 908, 72 Cal. Rptr. 2d 73, 90 (1998).

10. Defendants are entitled to restitutionary and injunctive relief under the Unfair Competition Law (Bus. Prof. Code, 17200, et seq.).

**Counterclaim 2.  Violation of Washington Law.**

11. Kaiser's threats to the future employment of Mr. Ainsworth, when it has no justification in a non-compete agreement to do so, is an unfair or deceptive act or practice under RCW 19.86.

12. Such conduct has occurred in the course of Kaiser's trade or commerce in Washington, and affects the public interest in Washington.  Other employees have left Kaiser to work for other aluminum product companies, and will likely continue to do so, and thus the acts are capable of repetition.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 15

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

13. Defendants have been injured by these unfair and deceptive acts, and the injuries have been proximately caused by Kaiser's conduct.

14. Defendants are entitled to damages, exemplary damages, injunctive relief, and an award of reasonable attorneys' fees incurred in responding to Kaiser's threats, lawsuit and in prosecuting these compulsory counterclaims.

### Counterclaim 3.  Tortious Interference.

15. Kaiser has threatened without justification to interfere and has interfered with the employment relationship between Mr. Ainsworth and his new employer. Kaiser had reason to know of that employment relationship because Ainsworth informed it of the arrangement on July 18, 2016.  Kaiser is without justification in means and/or purpose in interfering with the relationship and has shown its ill will and animus by the threats described above and by labeling Ainsworth as a defector. Kaiser also has threatened to interfere with Nanshan's potential relationships with Boeing and Airbus.

16. As a proximate result of Kaiser's conduct, Defendants have incurred financial injuries.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, the Defendants request that the Court grant them the following relief:

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 16

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  (a)   That Plaintiffs' Complaint be dismissed in its entirety with prejudice and without an award of damages, costs, or fees of any kind to Plaintiffs;

(b)   That Defendants be granted declaratory relief, damages, and exemplary damages as requested in the counterclaims;

(c)   That Defendants be awarded their reasonable attorneys' fees and costs as permitted by statute and equitable grounds; and

(d)   That Defendants be awarded such other relief as this Court deems appropriate, just, and equitable.

## JURY DEMAND

Defendants demand a jury as to all issues triable to a jury.

DATED this 19th day of October, 2016.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
   Bradley S. Keller, WSBA #10655

By /s/ John A. Tondini
   John A. Tondini, WSBA #19092
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: bkeller@byrneskeller.com
       jtondini@byrneskeller.com
Attorneys for Defendants

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 19th day of October, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ John A. Tondini
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
jtondini@byrneskeller.com

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(NO. 2:16-CV-00339-SMJ) - 18

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000